| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX | | |
| MIGUEL A. GÓMEZ RIVERA<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400514 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Suspensión de privilegios<br><br>Núm.: ICG-987-2024 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece por derecho propio el señor Miguel A. Gómez Rivera (señor Gómez Rivera o recurrente), y solicita que revoquemos una *Respuesta al miembro de la población correccional* emitida el 10 de septiembre de 2024 por la División de Remedios Administrativos (División de Remedios) del Departamento de Corrección y Rehabilitación (DCR).[1] Mediante esta, la División de Remedios se declaró sin jurisdicción para atender asuntos relacionados con la Regla 9 del *Reglamento para establecer el procedimiento disciplinario de la población correccional*, Reglamento Núm. 9221, Departamento de Estado, 8 de octubre de 2020, sobre la suspensión de privilegios por razones de seguridad.

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción.

**I.**

Surge del expediente ante nuestra consideración que el 23 de agosto de 2023, el señor Edgar Guerrero Medina, Superintendente de

---

[1] Apéndice de *Moción con carácter de urgencia*, pág. 4.

la Institución Correccional Guerrero de Aguadilla, emitió una carta sobre suspensión de privilegios por medida de seguridad a los miembros de la población correccional de la galera III, entre los cuales se encontraba el señor Gómez Rivera.[2] En esta, se indicó que en igual fecha se realizó un registro general en la referida galera, en donde se ocupó un (1) celular, un (1) *sim card*, un (1) cable USB, un (1) cargador eléctrico y ochenta y una (81) envolturas en forma de pastel. Como resultado de este hallazgo, se informó que se implementó una medida de seguridad del 23 de agosto de 2024 al 1 de septiembre de 2024 para suspender lo siguiente:

- No – Paquetes
- No – Comisaría – solo se le venderá la compra de los siguientes artículos: desodorante, jabón, *shampoo*, pasta, cepillo dental, navaja para afeitar y los artículos de acceso a Tribunales de (sobre, sellos y libretas)
- No – Participación de Actividades Especiales
- No – Recreación Activa
- No – Televisor
- No – Correspondencia (s[ó]lo la legal)
- No – Cualquier otro privilegio que se le conceda en la Institución
- No – Visita (a excepción de su Abogado o Representante de la Agencia)

Inconforme, el 29 de agosto de 2024, el recurrente presentó una *Solicitud de remedio administrativo* ante la División de Remedios.[3] Mediante esta, arguyó que se le aplicó la Regla 9 del Reglamento Núm. 9221, *supra*, de forma ilegal, ya que nunca se le notificó que en la galera III se encontró un hallazgo luego de un registro, no se informó el lugar donde se encontraron los artefactos que provocaron la medida de seguridad, ni se le mostró lo encontrado a confinados asignados a la galera III.

En la misma fecha, el señor Claudio Cortés Méndez, Superintendente de la Institución Correccional Guerrero, emitió una carta extendiendo el periodo de la medida de seguridad de suspensión

---

[2] *Íd.*, págs. 1-3.
[3] *Íd.*, pág. 5.

de privilegios de los confinados de la galera III por cuarenta (40) días, hasta el **11 de octubre de 2024**.[4]

Posteriormente, el 10 de septiembre de 2024, la División de Remedios emitió una *Respuesta al miembro de la población correccional.*[5] En el referido documento se le expresó al recurrente que la División de Remedios carecía de jurisdicción sobre la aplicabilidad de la Regla 9 del Reglamento Núm. 9221, *supra.*

Insatisfecho, el 16 de septiembre de 2024, el señor Gómez Rivera recurrió ante este Tribunal y presentó una *Moción con carácter de urgencia.* Sin exponer un señalamiento de error específico, el recurrente planteó que el 23 de agosto de 2024 se realizó un registro general en la galera III sin que estuvieran presentes los confinados para observar si realmente existió un registro y en qué área se ocupó el hallazgo. Apuntó que al regresar a la galera se percataron que no había indicios de registro alguno, más que nunca se le informó de que se ocupó algún artefacto ilegal. Puntualizó que en el recuento de las 6:00 p.m. se les informó que se les aplicó la Regla 9 del Reglamento Núm. 9221, *supra,* por un hallazgo durante el registro de la 1:00 p.m. Esgrimió que no se redactó un informe en el que se documente el hallazgo de los artefactos ilegales en su galera. Adujo que al estar ausente la información sobre el lugar donde ocurrió el hallazgo y los detalles sobre los artefactos ocupados, debía desestimarse el castigo de la Regla 9 del Reglamento Núm. 9221, *supra.* Esto, toda vez que entiende que se violentó su debido proceso de ley en el proceso para imponerle la medida de seguridad. Por lo anterior, nos peticionó revocar la suspensión de privilegios.

El 23 de septiembre de 2024 emitimos una *Resolución* en la que le otorgamos al DCR, por medio de la Oficina del Procurador

---

[4] *Íd.*, págs. 6-8.
[5] *Íd.*, pág. 4.

General de Puerto Rico, un término de diez (10) días para expresarse sobre los méritos del recurso.

El 7 de octubre de 2024, el DCR, representado por la referida Oficina, presentó un *Escrito en cumplimiento de Resolución*, en el que nos solicitó desestimar el recurso presentado por el señor Gómez Rivera o confirmar la determinación recurrida. A saber, el DCR indicó que este Tribunal debe desestimar el recurso presentado por el recurrente, toda vez que incumplió con el pago del arancel de la presentación o la solicitud para litigar como indigente, a tenor con la Regla 78 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 78. En la alternativa, el recurrido nos peticionó confirmar la respuesta emitida por la División de Remedios del DCR al entender que dicho ente carecía de jurisdicción para atender el reclamo del recurrente, ya que el mismo estaba redactado a nombre del colectivo de los miembros de la población correccional de la galera III de la Institución Correccional Guerrero de Aguadilla, en contravención con la Regla VI (2)(b) del *Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*, Reglamento Núm. 8583, Departamento de Estado, 4 de mayo de 2015.

Hacemos constar que el DCR presentó una *Certificación de Remedios Administrativos* emitida el 27 de septiembre de 2024 por la División de Remedios, en la que se indica que el señor Gómez Rivera no presentó una solicitud de reconsideración en referencia a la respuesta a su solicitud de remedio administrativo.[6]

**II.**

**A. Jurisdicción**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA*

---

[6] Apéndice de *Escrito en cumplimiento de Resolución*, Anejo 1, págs. 1-3.

*et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 386. Dado que un foro judicial no puede asumir discrecionalmente jurisdicción donde no la hay, el primer factor que debe considerar al evaluar una situación jurídica es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, los foros judiciales estamos llamados a ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos jurisdiccionales son privilegiados y se atienden con prioridad. De lo contrario, la falta de jurisdicción conlleva como consecuencia:

> que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.*

Por ello, cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede que inmediatamente desestime el recurso apelativo, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles, supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).

La jurisdicción está regulada por la aplicación de diversas doctrinas que dan lugar al principio de la justiciabilidad, estas son: la legitimación activa, la academicidad y la cuestión política. Por lo que, antes de evaluar los méritos de un caso, los tribunales debemos determinar si la controversia ante nuestra consideración es justiciable o no, ello debido a que los tribunales solo estamos para resolver controversias genuinas dentro de una situación adversativa en la cual las partes tengan un interés real de obtener un remedio

que haya de afectar sus relaciones jurídicas. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002).

En esencia, un caso se torna académico cuando con el paso del tiempo y los eventos posteriores el mismo pierde su condición de controversia viva y presente. *Empresas Puertorriqueñas de Desarrollo, Inc. v. H.I.E.TEL.*, 150 DPR 924 (2000). Así pues, un caso es académico cuando pierde su carácter adversativo, ya sea por cambios fácticos o judiciales acaecidos durante su trámite judicial, creando una circunstancia en la que la sentencia sería una opinión consultiva. *Angueira v. JLBP*, 150 DPR 10 (2000). Por otra parte, la doctrina de justiciabilidad requiere que, durante todas las etapas de un procedimiento adversativo, exista una controversia genuina entre las partes. *Noriega v. Hernández Colón*, 135 DPR 406(1994). Una vez llegamos a la determinación de que un recurso es académico, por imperativo constitucional (ausencia de 'caso o controversia') o por motivo de autolimitación judicial, debemos abstenernos de considerarlo en sus méritos. *San Antonio Maritime v. P.R. Cement Co.*, 153 DPR 374 (2001).

Por último, no podemos olvidar que los tribunales estamos obligados a ser celosos guardianes de nuestra jurisdicción. Por tal razón, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones permite que este foro desestime, aun a iniciativa propia, aquellos casos en los que no tiene jurisdicción. 4 LPRA Ap. XXII-B.

**III.**

En el caso que nos ocupa la parte recurrente pretende revisar una determinación del DCR cuya efectividad cesó el 11 de octubre de 2024.

Por tanto, no cabe duda de que al presente recurso le es aplicable la doctrina de academicidad. Evidentemente, estamos ante una controversia que perdió su carácter adversativo debido a que el término de vigencia de la determinación recurrida ya transcurrió.

En vista de lo anterior, al convertirse el reclamo del recurrente en uno académico, este Tribunal carece de jurisdicción para considerarlo. Conforme a la conclusión que antecede, la normativa antes expuesta nos requiere disponer del recurso desestimando el mismo.

**IV.**

Por las razones que anteceden, se desestima el recurso por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

El DCR deberá entregar copia de la presente *Sentencia* al señor Gómez Rivera en cualquier institución donde se encuentre confinado.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones